**In the Matter of Roger S. HANSON, Esq., Respondent.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Russell WOOLFOLK, Defendant-Appellant.**

**Nos. 77–1147, 76–8353.**

United States Court of Appeals, Ninth Circuit.

Aug. 8, 1977.

Philip M. Carter, Compton, Cal., Roger S. Hanson, Santa Ana, Cal., for respondent.

William D. Keller, U. S. Atty., Terry W. Bird, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, SNEED, and KENNEDY, Circuit Judges.

Respondent, Roger S. Hanson, was cited to appear before this court to show cause why he should not be disciplined, pursuant to Fed.R.App.P. 46(c), for lack of diligence in representing appellant Russell Woolfolk. Respondent appeared before the court on June 1, 1977 and was given the opportunity to explain his apparent failure to prosecute the appeal.

The court has reviewed the details of Mr. Hanson's professional conduct in this case. Pursuant to the order of the magistrate, the record on appeal was to be filed no later than December 1, 1976. The record was not filed by that date. Counsel sought no extension of time and did not advise the court of any difficulties that were encountered in preparing the record. The appellant's opening brief was required by February 1, 1977. Counsel failed to file that brief or to request an extension of time. By reason of respondent's noncompliance with the rules, his client's appeal was subject to possible dismissal.

These defaults might have been explained, or mitigated in part, by the appellant's intention to discharge Mr. Hanson as his counsel, a decision that was communicated to Mr. Hanson as early as October 26, 1976. It appears, however, that confusion as to the professional relationship between Mr. Woolfolk and Mr. Hanson was due in large measure to the difficulties appellant encountered in reaching Mr. Hanson, and in Mr. Hanson's failure to file a substitution of attorneys with the court or to request permission from the court to withdraw as counsel of record.

Finally, we note that at the hearing of this matter on June 1, 1977, Mr. Hanson undertook to advise the court within five days of certain matters pertaining to his fee arrangements with Mr. Woolfolk. The court has not yet received that communication.

Respondent's lack of diligence in pursuing appellant Woolfolk's appeal has inordinately delayed the processes of justice and the deliberations of this court. It is therefore ordered that respondent Roger S. Hanson is assessed a civil penalty in the sum of $500. This sum shall be paid into the Registry of the Clerk of the Court within twenty-one days of the date of filing of this order. It is further ordered that respondent Hanson is suspended from practice before this court for a period of twenty-one days commencing from the date of filing of this order.