**ROCKWELL INTERNATIONAL CREDIT CORPORATION, a Delaware corporation, Plaintiff-Appellant,**

v.

**UNITED STATES AIRCRAFT INSURANCE GROUP, an insurance company, Defendant-Appellee.**

**No. 86–2499.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 1987.

Decided July 27, 1987.

---

Richard K. Mahrle, Phoenix, Ariz., for plaintiff-appellant.

Christopher L. Callahan, Phoenix, Ariz., for defendant-appellee.

Before HUG, NELSON, and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Rockwell International Credit Corporation (Rockwell) appeals from summary judgment in favor of United States Aircraft Insurance Group (USAIG). We find that federal jurisdiction does not exist and remand to the district court with directions to return the case to the courts of Arizona.

## PROCEEDINGS

On April 2, 1985, Rockwell, a Delaware corporation, filed its complaint against USAIG in the Superior Court of Maricopa County, Arizona, seeking recovery on an insurance policy. On May 8, 1985, USAIG removed the case to the United States District Court on the basis of the diversity of the Connecticut citizenship of Aetna Casualty and Surety Company, the issuer of the insurance policy. USAIG's removal petition stated that it was "the named defendant" and that the controversy was "wholly between citizens of different states." Rockwell did not dispute the removal petition, and the district court assumed that jurisdiction existed. After summary judgment in favor of USAIG, Rockwell appealed to this court. Jurisdiction was still not disputed. After oral argument, however, we of our own accord raised the question of jurisdiction and requested briefing from both parties.

## ISSUES: Does diversity jurisdiction exist?

May USAIG amend its removal petition?

## ANALYSIS

The plaintiff, Rockwell, is a Delaware corporation. The defendant is not

Aetna Casualty and Surety Company, but USAIG. USAIG is a group of independent insurance companies. All members of an unincorporated association must be diverse from the opposing party; it is irrelevant whether the unincorporated association is plaintiff or defendant. *Baer v. United Servs. Automobile Ass'n,* 503 F.2d 393, 395 (2d Cir.1974). Neither in the removal petition nor in the record is there indication that one of the USAIG group is not a Delaware corporation. Seeking removal, USAIG had the burden of establishing diversity. *Aetna Casualty & Surety Co. v. Hillman,* 796 F.2d 770, 775 (5th Cir.1986). As the burden has not been met, federal jurisdiction does not exist. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

USAIG now seeks to amend its removal petition. USAIG now tells us that under Arizona law it is not even subject to suit in its common name. USAIG now states for the first time that the proper defendant and real party in interest is United States Aviation Underwriters Inc. (USAU). USAU, we are now told, makes all underwriting decisions regarding the aviation risks insured by the companies comprising USAIG. USAU has authority to settle all claims against USAIG members. USAU has authority to allocate liability in the event Rockwell prevails. USAU is diverse from Rockwell because USAU is a New York corporation.

■ Two impediments exist to USAIG's motion. First, the insurance policy itself establishes that USAU is not the real party in interest. On the cover page of the policy, thirteen different insurance companies are listed. On page 1 of the policy, in admirably clear language, it is stated:

> *We, our* and *us* mean the insurance companies listed on the front page of your policy who are individually and together responsible under this policy. *Aviation Managers* means United States Aviation Underwriters, Inc. [Emphasis in original]

Under the heading "Legal actions" on the second page, the policy states:

> Each of us named on the front cover of this policy, or the Aviation Managers, can bring a suit against you if you fail to pay a premium when it's due, or fail to live up to the terms of this policy in any other way. Any judgment involving one of us or the Aviation Managers will be binding on all.

Under the policy, USAU may be, as USAIG now tells us, its manager; USAU is not the real party in interest.

■ Second, the proposed amendment is not merely technical like the dismissal of a nonessential nondiverse party. The proposed amendment seeks more than the correction of "defective allegations of jurisdiction," a correction permissible under 28 U.S.C. § 1653. The proposed amendment attempts to create jurisdiction where none existed. The proposed amendment is not acceptable. *Aetna Casualty,* 796 F.2d at 774.

■ USAIG invokes an equitable consideration: the waste of judicial resources involved in sending this case, already tried in the district court and already briefed and argued here, back to Maricopa County. Equity is no substitute for subject matter jurisdiction. Argument of this sort is unavailing.

Judicial resources have nonetheless been squandered because of USAIG's removal of the case to the federal courts. USAIG in its motion to amend informs us that its original removal petition involved a procedure that was "misguided." USAIG goes on to say:

> In its removal petition, USAIG should have specifically apprised the court of the defect in the proper party defendant and should have advised the court that it would move to substitute USAU as the proper party defendant once removal was effected. USAIG did not do so.

In short, USAIG now maintains that it failed to disclose the true state of affairs to the district court.

By Rule 5 of the Rules of this court, the Federal Rules of Civil Procedure, "whenever relevant," are part of the rules of this court. Fed.R.Civ.P. 11 prescribes that "the signature of an attorney" constitutes "a

certificate by him" that to the "best of his knowledge, information, and belief formed after reasonable inquiry," the paper he is filing with the court is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

How could USAIG's original removal petition, filed by the same attorneys who represent it now on appeal, have accurately stated that the controversy was "wholly between citizens of different states"? How could the removal petition reflect reasonable inquiry into the nature of USAIG? How could the removal petition, asserting a jurisdiction that did not exist, have been for a proper purpose?

These questions, which could have been asked by the district court, are also appropriately asked by us. This case would not be before us but for the removal petition that provides these questions. We are, moreover, confronted with a motion to amend that itself appears to run counter to the record, asserting that USAU is the real party in interest when the policy at issue clearly establishes that each of the members of USAIG is the real party in interest. This motion, like the original removal petition, raises the question of whether or not counsel for USAIG have violated Rule 11.

REVERSED. The case is to be remanded by the district court to the state court. Counsel for USAIG are ordered to show cause why sanctions should not be imposed under Fed.R.Civ.P. 11.