841 F.2d 1003
 10 Fed.R.Serv.3d 778
 In re Disciplinary Action Against Paul J. MOONEY, et al.,
Respondent.
ROCKWELL INTERNATIONAL CREDIT CORPORATION, a Delaware
corporation, Plaintiff/Appellant,
v.
UNITED STATES AIRCRAFT INSURANCE GROUP, an insurance
company, Defendant/Appellee.
 No. 86-2499.
 United States Court of Appeals,
Ninth Circuit.
 March 15, 1988.
 
 Before HUG, NELSON and NOONAN, Circuit Judges.
 
 ORDER
 
 1
 This case arises out of Rockwell International Credit Corp. v. United States Aircraft Insurance Group, 823 F.2d 302 (9th Cir.1987). In that case the court on its motion raised the question of jurisdiction and found that no jurisdiction existed. Rockwell International Credit Corporation (Rockwell), a Delaware corporation, had sued United States Aircraft Insurance Group (USAIG) in the Superior Court of Maricopa County, Arizona. USAIG had removed to the federal court, stating that it was "the named defendant" and that the controversy was "wholly between citizens of different states." USAIG, however, had no basis in fact or law for making this assertion. USAIG was a group of independent insurance companies forming an unincorporated association; all of its members were not diverse in citizenship from Rockwell; it had no right to remove to the federal court. Id. at 304.
 
 
 2
 After oral argument, this court had noted that "the petition for removal does not clearly allege the corporate or noncorporate nature of USAIG and the citizenship of USAIG or its member companies." We had invited USAIG to amend its petition for removal. USAIG then moved to amend its removal petition by alleging that the proper defendant and real party in interest was United States Aviation Underwriters, Inc. (USAU), a New York corporation. This court, interpreting the policy at issue, held that USAU was not the real party in interest and that an amendment to create jurisdiction was in any event not permitted. Id. at 305.
 
 
 3
 At the conclusion of our opinion we asked how the removal petition could have stated that the controversy was "wholly between citizens of different states"; how the petition could have reflected reasonable inquiry into the nature of USAIG; and how the petition could have been for a proper purpose. We also noted the motion asserting USAU was the real party at interest appeared to run counter to the record. In the light of these questions and observations, we concluded: "Counsel for USAIG are ordered to show cause why sanctions should not be imposed under Fed.R.Civ.P. 11."
 
 
 4
 USAIG filed a petition for rehearing and a suggestion for rehearing en banc. The petition was denied. No judge of this court responded affirmatively to the suggestion for rehearing en banc. At the expiration of the period for acceptance of the suggestion, counsel was reminded of the need to comply with the court's order to show cause. On January 28, 1988 a response was filed in the name of "Defendant/Appellee, United States Aircraft Insurance Group." The response concluded with a prayer by USAIG to the court not to impose sanctions.
 
 
 5
 As the court's order was directed to counsel, the interjection of the client as the respondent is mystifying to the court. We assume the client is not being charged for the work. Rather than conclude as we might that there has been no response to the order, we construe it as the response requested.
 
 
 6
 The response states that a lawyer admitted to practice in New York and Vice-President in General Aviation Claims at USAU for the past five years, first contacted USAIG's and USAU's local counsel, Fennemore Craig, to discuss the case. Fennemore Craig is a 50-partner law firm in Phoenix, Arizona. Roger C. Mitten, a partner, is a 1961 graduate of Northwestern Law School. Paul J. Mooney, a partner, is a 1980 graduate of Brigham Young University Law School.
 
 
 7
 As a result of the discussions with Fennemore Craig, USAIG decided to remove the matter to the federal district court. Mooney, who says he had "primary responsibility" in the case, inquired of the USAU Vice-President regarding the citizenship of USAIG. The Vice-President told Mooney that USAIG was not incorporated, had no principal place of business, and was not subject to suit in a common name in Arizona. The Vice-President indicated to Mooney that it was the practice of USAIG to seek removal on the basis of the citizenship of one of its member companies. Mooney further discussed the issue of USAIG's citizenship with Mitten, described in the response as "lead counsel in the case," and then filed the removal petition based on the citizenship not of USAIG but of one of its members, Aetna Casualty and Surety Company.
 
 
 8
 After this the court invited USAIG to amend its petition for removal, Mooney and an associate working "under the direct supervision" of Mooney again contacted the Vice-President. The Vice-President suggested substituting USAU for USAIG and said that such substitution had been done "in other cases." The associate researched the law and at the direction of Mooney drafted the proposed amended removal petition. The Vice-President and Mooney reviewed the draft; the associate filed it with this court.ANALYSIS
 
 
 9
 Fed.R.Civ.P. 11 is incorporated into the Rules of this court. In re Curl, 803 F.2d 1004, 1007 (9th Cir.1986). According to Rule 11, "the signature of an attorney" constitutes "a certificate by him" that to "the best of his knowledge, information, and belief formed after reasonable inquiry," the paper he is filing with the court is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." The purpose of the rule is to "reduce frivolous claims, defenses or motions" and to deter "costly meritless motions." Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir.1986), quoting Judge Walter Mansfield, Chairman of the Advisory Committee on the Federal Rules of Civil Procedure.
 
 
 10
 The requirements of Rule 11 are measured by an objective standard. Subjective good faith is not relevant. Id. at 1538; Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-31 (9th Cir.1986). The Rule does not apply to "the mere making of a frivolous argument." It applies only when the motion itself is objectively frivolous. Golden Eagle, supra, at 1540.
 
 
 11
 As to the motion to amend the removal petition after the jurisdictional inquiry by this court, we begin by noting that the response of Mooney and Mitten puts undue emphasis on the court's invitation to amend. That invitation was issued in the belief that it was sheer inadvertence that had led counsel not to "clearly allege the corporate or non-corporate nature of USAIG and the citizenship of USAIG or its member insurance companies." The court sought clarification of the basis of jurisdiction. The court was not inviting an amendment stating anything contrary to the record or an attempt to create jurisdiction where none existed. Rockwell International Credit Corp., supra at 304. We have already held that the amendment that was attempted did these impermissible things. Id. Nonetheless, we now hold that the motion was not so devoid of legal merit as to be frivolous. No sanction is appropriate in its regard.
 
 
 12
 Before examining the frivolousness of the motion to remove, we note the appropriateness of an appellate court's application of Rule 11 to a motion filed with the district court, where that motion creates the basis for an appeal. Absent a motion improperly asserting jurisdiction, this case would not be before this court.
 
 
 13
 The motion to remove USAIG's case from the state to the federal court was, objectively measured, frivolous. No legal foundation existed for the motion. The basic law establishing the requirement of complete diversity when there are several plaintiffs or defendants goes back to Chief Justice Marshall's decision in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Fennemore Craig cited no cases on the original appeal or after the court's inquiry about jurisdiction that would have justified a belief that federal jurisdiction existed. They cite none now. They rely instead on The USAU's Vice-President's reassurance to them and Mooney's research into precedents he does not identify. The affidavits offered by Fennemore Craig establish the subjective good faith of all the lawyers concerned. They do nothing to make the removal motion less frivolous.
 
 
 14
 Mooney's affidavit states that after this court questioned the jurisdictional basis of the appeal, he and the Vice-President discussed Aetna Casualty & Surety Co. v. Hillman, 796 F.2d 770 (5th Cir.1986), which Mooney had not seen prior to this time. This case was a declaratory judgment action in a federal district court by Aetna related to an insurance policy issued by USAIG. Federal jurisdiction became an issue. The district court in 1984 dismissed the action for lack of such jurisdiction; the circuit court affirmed the dismissal, discussing inter alia the requirements of Strawbridge v. Curtiss, supra, and noting that Aetna had not tendered "here or below, any clear explanation or showing of the relationship between the various member companies of USAIG." Id. at 775. The circuit court's opinion was issued August 13, 1986.
 
 
 15
 It is very difficult to believe that the Fifth Circuit opinion was not known to the Vice-President when the appeal in this case was argued on April 17, 1987. We accept Mooney's word that it was not known to him. But the Vice-President's failure to let Mooney know of a case Mooney should have brought to this court's attention underlines a basic fact. Mooney should not have relied on the Vice-President for the law. We are told nothing of the Vice-President's legal attainments. He is not listed in Martindale-Hubbell's Directory of Lawyers. We do not know why Mooney thought him an expert in federal jurisdiction. In any event the responsibility was Mooney's. Counsel who are admitted to practice in a federal court take on themselves the obligation to know the relevant law. They cannot diminish their responsibility by asserting that in good faith they relied on some other lawyer not a member of our bar. In re Curl, supra; cf. In re Greenberg, 15 N.J. 132, 104 A.2d 46 (1954) (Vanderbilt, C.J.).
 
 
 16
 Aetna's reticence to disclose to the Fifth Circuit the relationships within USAIG in Aetna Casualty, supra, and the Vice President's assertions about "the practice" of USAIG leave the uncomfortable impression that Aetna and USAIG were not novices in imposing on the federal courts where no federal jurisdiction existed. But we cannot on this record suppose Mooney or Mitten to be guilty of this offense. We hold that their purposes were not improper. Their fault lay in making the objectively frivolous motion.
 
 
 17
 Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing. Especially at a time when the burden of litigation in the federal courts reaches a peak thought improbable only a few years ago, it is imperative that any attempt to impose upon federal jurisdiction by pleadings without legal justification must be vigorously discouraged. The removal petition was a costly meritless motion. In the removal petition, Mooney, over his own and Mitten's printed signature, stated: "This is a controversy of which the United States District Court has original jurisdiction under 28 U.S.C. Sec. 1332, in that the controversy is wholly between citizens of different states....". That statement was baseless in fact and law. That statement made the removal motion frivolous. That statement made the motion subject to sanctions under Fed.R.Civ.P. 11. In view of the apparent good faith of Mooney and Mitten we think the publication of this order pointing out their mistakes in relying on the Vice-President and in not effectively researching the law is sufficient sanction.