**RLI INSURANCE COMPANY, an Illinois corporation, as subrogee of Nancy K. Haag, Administratix of the Estate of John Haag, and Air Sinclair, Inc., Plaintiff,**

v.

**UNITED STATES AVIATION UNDERWRITERS, INC., a New York corporation, as Aviation Manager for United States Aircraft Insurance Group, Defendant.**

No. 90 C 01532.

United States District Court,
N.D. Illinois, E.D.

June 6, 1990.

Diane I. Jennings, Alvin E. Domash, Lord Bissell & Brook, Chicago, Ill., for plaintiff.

Thomas W. Murphy, Johnson Cusack & Bell, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

█ This is a declaratory judgment action filed by RLI Insurance Company ("RLI") against the United States Aviation Underwriters, Inc. ("USAU") as Aviation Manager for the United States Aircraft Insurance Group ("USAIG"). During a status conference, USAU expressed doubt as to whether the action could be maintained in federal court. We asked the parties to submit memoranda addressing the issue of subject matter jurisdiction. After reviewing these memoranda and the pertinent case law, we conclude that we lack subject matter jurisdiction over the controversy. Accordingly, we dismiss the claim.

On September 15, 1989, a small aircraft piloted by John Haag crashed during flight, killing Haag and his five passengers. USAIG insured the owner of the aircraft, the owner's employees, and permissive users of the aircraft. Haag's employer, Air Sinclair, Inc., was insured by RLI. RLI filed this declaratory judgment action in order to determine the priority of coverage with respect to wrongful death claims resulting from the crash.

RLI contends that we have jurisdiction over this dispute based upon diversity of citizenship. For the purposes of diversity jurisdiction, RLI is a citizen of Illinois. The named defendant, USAU, is a New York corporation. Therefore, if these are the only parties whose citizenship matters for the purpose of diversity, we would have jurisdiction to hear the claim.

█ Although RLI is correct when it notes that the named parties are of diverse citizenship, a determination of the citizenship of the named parties does not end our inquiry. A district court must not only consider the citizenship of the named parties, but also whether these parties have been properly named. *F. & H.R. Farman–Farmaian Cons. Eng. v. Harza Eng.*, 882 F.2d 281, 284 (7th Cir.1989). The Court must consider the citizenship of the real parties in interest and indispensable parties who have not been named. *Id.*

USAU suggests that we should look beyond the citizenship of USAU and RLI. USAU explains that it is only the managing entity for USAIG, a coalition of independent insurance companies. Two of these insurance companies are incorporated and have their principal place of business in

Illinois.[1] Therefore, if it is necessary to consider the citizenship of USAIG's members, we would lack jurisdiction over the controversy.

We find that the citizenship of USAIG must be considered for diversity purposes. From the facts on the record, it is obvious that USAIG, and not USAU, is the entity that actually issued the insurance policy in question. In fact, the plain language of the policy indicates that, despite the fact that USAU plays a role in the administration of the policy, the obligation to pay or perform under the contract rests solely on USAIG.[2] Therefore, we find that USAIG is a real party in interest whose citizenship must be considered for jurisdictional purposes. *Id.*

We find support for our conclusion that USAIG is the real party in interest from *Rockwell Intern. Credit v. U.S. Aircraft Ins. Group* 823 F.2d 302, 304 (9th Cir. 1987). In this case, Rockwell sued USAIG in state court seeking recovery on an insurance policy. USAIG removed the case to federal court and received summary judgment in its favor. However, on appeal the Ninth Circuit asked the parties to brief the issue of subject matter jurisdiction. USAIG attempted to amend its removal petition to name USAU as the defendant. The Ninth Circuit, presented with contractual provisions identical to those in the present case, held that the insurance policy established that USAU was not the real party interest. Rather, USAIG was the real party in interest and its citizenship was the relevant citizenship for diversity purposes.

In addition, we find that diversity jurisdiction is inappropriate under *Carden v. Arkoma Associates,* —— U.S. ——, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). In *Carden,* the Supreme Court held that the citizenship of every member of an unincorporated entity must be considered for diversity purposes. *Id.*, 110 S.Ct. at 1021. While USAU and USAIG are not formally organized as such, it seems obvious that they comprise one single entity. The purpose of this entity is to provide insurance for all forms of aviation risks. The relationship of USAU and USAIG is parallel to the relationship of two partners, each of whom performs a particular task for the benefit of the partnership. Because the current controversy involves a matter related to the business of the single entity comprised of USAU and USAIG, it is appropriate to consider the citizenship of every member of the entity. Both RLI and members of this entity reside in Illinois. Therefore, there is no basis for diversity jurisdiction.

Because it is necessary to consider the citizenship of the member of USAIG, we find that there is no diversity of citizenship. RLI and two members of USAIG are both citizens of Illinois. Therefore, we dismiss RLI's claim for lack of subject matter jurisdiction. It is so ordered.

---

1. These companies are Continental Casualty Company and State Farm Fire and Casualty Company.

2. In fact, RLI states in its own memorandum that USAIG issued the policy in question. (Plaintiff's Mem. at 2–3).