**Earle A. PARTINGTON,
Plaintiff–Appellant,**

v.

**Joseph M. GEDAN; Howard T. Chang,
Defendants–Appellees.**

No. 87–2375.

United States Court of Appeals,
Ninth Circuit.

Sept. 19, 1990.

Order Directing Rehearing En Banc
Nov. 1, 1990.

Earle A. Partington, Honolulu, Hawaii, pro se.

Steven S. Michaels, Deputy Atty. Gen., Honolulu, Hawaii, for defendants-appellees.

Before WALLACE, REINHARDT and NOONAN, Circuit Judges.

PER CURIAM:

This case was originally reported as *Partington v. Gedan*, 880 F.2d 116 (9th Cir.1989). The Supreme Court, in a summary disposition, vacated that decision and remanded for further consideration in light of *Cooter & Gell v. Hartmarx Corp.*, — U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (*Cooter & Gell*). *See Gedan v. Partington*, — U.S. ——, 110 S.Ct. 3265, 111 L.Ed.2d 776 (1990). In vacating our earlier decision, the Supreme Court was apparently concerned that our decision to grant Partington's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 at the appellate level, *see* 880 F.2d at 130–31, conflicted with the Supreme Court's holding in *Cooter & Gell* that Rule 11 does not apply to appellate proceedings. *See Cooter & Gell*, 110 S.Ct. at 2461–62. Our earlier decision, however, does not create such a conflict.

In this appeal, we did not purport to sanction the appellees, Gedan and Chang, pursuant to Rule 11 *alone*. Rather, we imposed sanctions under our Circuit Rules which incorporated Rule 11. We were bound to do so because in three earlier cases we held that we have incorporated the Federal Rules of Civil Procedure into our Circuit Rules, 9th Cir. Rule 1–1 (old Rule 5) and, therefore, we may impose sanctions pursuant to Rule 11 at the appellate level as, in effect, part of our Circuit Rules. *In Re Mooney*, 841 F.2d 1003, 1005 (9th Cir.1988) ("Fed.R.Civ.P. 11 is incorpo-

rated into the Rules of this court."); *Rockwell International Credit Corp. v. United States Aircraft Insurance Group,* 823 F.2d 302, 304–05 (9th Cir.1987) (holding that we may sanction pursuant to Rule 11 since "[b]y Rule 5 of the Rules of this court, the Federal Rules of Civil Procedure, 'whenever relevant,' are part of the rules of this court"); *In re Curl,* 803 F.2d 1004, 1007 (9th Cir.1986) (sanction imposed pursuant to Rule 5's incorporation of Rule 11 for brief filed in court of appeals).

Thus, in our original decision, we did not use Rule 11 as an independent basis for sanctioning Gedan and Chang. Rather, we sanctioned them pursuant to Rule 11 only insofar as Rule 11 had been incorporated into Circuit Rule 1–1 (old Circuit Rule 5). The reasoning of *Cooter & Gell* is therefore inapposite to our case because it does not prohibit the incorporation of Rule 11 into a circuit's local rules and does not prohibit the use of those rules to sanction frivolous motions on appeal. Unless Circuit Rule 1–1 is amended, we are bound to follow our precedent which allows a sanction like the one imposed in this appeal. We therefore reaffirm and adopt our earlier opinion.

REINHARDT, Circuit Judge, dissenting:

In its unyielding determination to hold Rule 11 applicable to proceedings in our court, the majority ignores the Supreme Court precedent that occasioned this remand and distorts our Circuit Rules. I share the majority's disapproval of Gedan and Chang's abuse of the legal process, *see Partington v. Gedan,* 880 F.2d 116, 148 (9th Cir.1989) ("*Partington I*") (Reinhardt, J., concurring and dissenting); by the same token, however, I cannot condone my colleagues' refusal to follow the law.

In *Cooter & Gell v. Hartmarx Corp.,* — U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court unanimously held that Fed.R.Civ.P. 11 does not apply to conduct in the courts of appeals. Seventeen days after it decided *Cooter & Gell,* the Supreme Court vacated our prior decision in this case for reconsideration in light of that decision. Contrast *Lewis v. Adamson,* — U.S. —, 110 S.Ct. 3287, 111 L.Ed.2d 795 (1990) (denying petition for writ of certiorari in *Adamson v. Ricketts,* 865 F.2d 1011 (9th Cir.1988) (en banc)). When last this case was here, the majority imposed Rule 11 sanctions on appellees Gedan and Chang for their frivolous request for costs and attorneys' fees, *Partington I,* 880 F.2d at 130–31, despite the fact that other means of sanctioning them were plainly available. *See, e.g., id.* at 149 (Reinhardt, J., concurring and dissenting). Those options are still open to us on remand; however, re-imposition of the sanctions that resulted in the Supreme Court's vacating our previous decision is not.

In its latest attempt to impose Rule 11 sanctions on appeal, the majority contends ingenuously, "we did not purport to sanction the appellees, Gedan and Chang, pursuant to Rule 11 *alone.* Rather, we imposed sanctions under our Circuit Rules which incorporated Rule 11." *Supra,* 1349. This will come as news to any reader of the majority's earlier decision in this matter. A search through the majority's sanctions discussion discloses no mention of 9th Cir. Rule 1–1. What the majority actually said in *Partington I* was: "[w]e have power to sanction Gedan and Chang pursuant to Rule 11." 880 F.2d at 130.

Even if one were willing to accept the majority's revisionist history of its handling of this case, it would not be possible to conclude after *Cooter & Gell* that 9th Cir.Rule 1–1 incorporates Rule 11. Rule 1–1 states in part that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, *whenever relevant,* are adopted as part of the rules of this court." (Emphasis added). The majority does not even consider the critical question whether Rule 11 is "relevant" to proceedings in this court. However, by holding that Rule 11 is incorporated, the majority necessarily, though perhaps unknowingly, decides that it is "relevant." After *Cooter & Gell,* it is clear that this determination is absolutely wrong. As *Cooter & Gell* held, "[o]n its face, Rule 11 does not apply to appellate proceedings," and should not be extended to them. 110 S.Ct. at 2461. In

light of this holding, it is difficult to comprehend how the majority could decide, even unwittingly, that the rule is "relevant" to such proceedings.

The majority cites *In Re Mooney*, 841 F.2d 1003, 1005 (9th Cir.1988); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304–05 (9th Cir.1987); and *In Re Curl*, 803 F.2d 1004, 1007 (9th Cir.1986), for the proposition that 9th Cir.Rule 1–1 incorporates Rule 11. Reliance on these cases is misplaced. As I noted in *Partington I*, *Mooney*, *Rockwell*, and *Curl* were cases in which the sanctionable behavior occurred in the district court rather than the court of appeals; thus they do not speak to the question of the appeals court's power to impose Rule 11 sanctions for conduct in the appeals court. 880 F.2d at 148 (Reinhardt, J., concurring and dissenting).

However, even if one were to accept the majority's view that *Mooney*, *Rockwell*, and *Curl* did establish this court's power to impose Rule 11 sanctions for conduct in the court of appeals, *see Partington I*, 880 F.2d at 130, it would follow that after *Cooter & Gell*, those cases are no longer valid or binding. *See Sheehan v. United States*, 896 F.2d 1168, 1172 n. 7 (9th Cir. 1990) (noting that "[a] panel of this court is not bound by decisions of prior panels clearly inconsistent with subsequent Supreme Court decisions"). Whatever statements *Mooney*, *Rockwell*, and *Curl* made about Rule 11's "relevance" to proceedings in the court of appeals were made without the benefit of the Supreme Court's explication of the non-applicability of Rule 11 to the courts of appeals. Now that the Supreme Court has made clear that Rule 11 is not applicable to cases on appeal, it should also be clear that Rule 1–1 did not incorporate Rule 11 by reference.

Although 9th Cir.Rule 1–1 does not state the criteria for deciding when one of the Federal Rules of Civil Procedure is "relevant," the inquiry naturally focuses in part on whether the Federal Rules of Appellate Procedure or Ninth Circuit Rules contain

an analogous provision. Obviously, where a specific appellate rule is applicable, there is no need to resort to the Rules of Civil Procedure.[1] That is precisely the situation here. In *Cooter & Gell*, after observing that by its terms "Rule 11 does not apply to appellate proceedings," the Supreme Court went on to consider whether the scope of Rule 11 should be expanded beyond its literal terms, concluding thus: "[t]he Federal Rules of Appellate Procedure place a natural limit on Rule 11's scope. On appeal, the litigants' conduct is governed by Federal Rule of Appellate Procedure 38," 110 S.Ct. at 2641, which gives the courts of appeals the authority to sanction frivolous appeals.

I see no reason to distort a rule designed for the particular demands of district court practice by applying it to appellate proceedings, particularly after the Supreme Court has made clear that there is a rule of appellate procedure that is specially designed for and suited to the task. *See Cooter & Gell*, 110 S.Ct. at 2462. As I noted in *Partington I*, this court has ample means of sanctioning unprofessional conduct, including Fed.R.App.P. 46(c), 28 U.S.C. § 1927, and our inherent powers. The Supreme Court has added Fed.R. App.P. 38 to this list. *Cooter & Gell*, 110 S.Ct. at 2462.

Finally, I should note that my disagreement with the majority does not merely concern a technical matter of no practical significance. By applying Rule 11 on appeal, the majority imports not just the rule itself, but all of the case law that has been built upon its foundation. *See* Note, *A Uniform Approach to Rule 11 Sanctions*, 97 Yale L.J. 901 (1988) (noting that as of 1988, over one thousand opinions had been published interpreting Rule 11). That enormous body of law has been developed subject to considerations appropriate to district but not appellate court practice.[2] At the same time a parallel, though less voluminous set of precedents based exclusively on considerations relating to appellate practice has been created under the Federal Rules

---

1. Rule 1–1 also does not incorporate other Federal Rules of Civil Procedure that concern matters unique to the district courts, such as the filing of a complaint. *See* Fed.R.Civ.P. 3.

2. For example, in *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990), we held that a district court may not

governing such practice.[3] The majority's intransigent insistence on misapplying Rule 11 will thus lead to conflict, confusion, and much unnecessary and burdensome work for our court. I trust that today's unfortunate decision will, by one means or another, swiftly be undone. I respectfully dissent.

### Order

Nov. 1, 1990.

Before GOODWIN, Chief Judge, BROWNING, WALLACE, HUG, TANG, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, D.W. NELSON, CANBY, NORRIS, REINHARDT, BEEZER, HALL, WIGGINS, BRUNETTI, KOZINSKI, NOONAN, THOMPSON, O'SCANNLAIN, LEAVY, TROTT, FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3.

impose Rule 11 sanctions for conduct that occurred "after the signing of the pleadings." In appellate practice, of course, there are no pleadings.

3. *See, e.g., In Re Becraft,* 885 F.2d 547 (9th Cir.1989) (imposing sanctions on an attorney under Fed.R.App.P. 38 for filing a frivolous petition for rehearing); *Matter of Hanson,* 572 F.2d 192 (9th Cir.1977) (imposing civil sanctions on attorney under Fed.R.App.P. 46(c) for lack of diligence in pursuing his client's appeal).