Earle A. PARTINGTON,
Plaintiff–Appellant,

v.

Joseph M. GEDAN; Howard T. Chang, Defendants–Appellees.

No. 87–2375.

United States Court of Appeals, Ninth Circuit.

Submitted En Banc Jan. 8, 1991.*

Decided Jan. 11, 1991.

---

* The en banc court unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Earle A. Partington, Partington & Foley, Honolulu, Hawaii, pro se.

Steven S. Michaels, Deputy Atty. Gen., Honolulu, Hawaii, for defendants-appellees.

Before GOODWIN, Chief Judge, and WALLACE, HUG, SCHROEDER, POOLE, NELSON, HALL, BRUNETTI, LEAVY, FERNANDEZ, and RYMER, Circuit Judges.

PER CURIAM:

In part of our opinion in *Partington v. Gedan*, 880 F.2d 116 (9th Cir.1989) (*Partington I*), we imposed sanctions on Gedan and Chang. We did so based upon three prior cases which held that the Federal Rules of Civil Procedure, including Rule 11, were incorporated into our Circuit Rules. 9th Cir.R. 1–1 (old Rule 5).[1]   *See In re Mooney*, 841 F.2d 1003, 1005 (9th Cir.1988); *Rockwell International Credit Corp. v. United States Aircraft Insurance Group*, 823 F.2d 302, 304–05 (9th Cir.1987); *In re Curl*, 803 F.2d 1004, 1007 (9th Cir.1986). We therefore imposed sanctions on Gedan and Chang pursuant to Rule 11 as, in effect, part of our Circuit Rules. *See Partington I*, 880 F.2d at 130 & n. 8.

The Supreme Court vacated *Partington I*, and remanded for further consideration in light of *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (*Cooter & Gell*). *See Gedan v. Partington*, —— U.S. ——, 110 S.Ct. 3265, 111 L.Ed.2d 776 (1990). On remand, we reaffirmed and adopted our earlier opinion. *Partington v. Gedan*, 914 F.2d 1349, 1350 (9th Cir.1990) (*Partington II*). We first acknowledged the *Cooter & Gell* holding that Rule 11 does not apply to appellate proceedings. *Id.* at 1349, citing *Cooter & Gell*, 110 S.Ct. at 2461–62. We

---

**1.** The rule states,

*The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, whenever relevant, are adopted as part of the rules of this court.´* In cases where the Federal Rules of Appellate Procedure (FRAP) and the Rules of the United States Court of Appeals for the Ninth

Circuit (Circuit Rules) are silent as to a particular matter of appellate practice, any relevant rule of the Supreme Court of the United States shall be applied.

9th Cir.R. 1–1 (emphasis added). On December 12, 1990, our court eliminated the emphasized language.

emphasized, however, that in *Partington I* we did not sanction Gedan and Chang on the basis of Rule 11 *alone,* but "only insofar as Rule 11 had been incorporated into Circuit Rule 1–1 (old Circuit Rule 5)." *Id.* at 1350.

In imposing sanctions on Gedan and Chang, we followed our holding in *In re Curl.* In that case, we imposed sanctions on Curl pursuant to Rule 5's incorporation of Rule 11, for bringing an appeal that should never have been brought and for filing a frivolous brief in the court of appeals. *In re Curl,* 803 F.2d at 1007. Because *Cooter & Gell* "does not prohibit the incorporation of Rule 11 into a circuit's local rules," we held that it did not overrule the holding of *In re Curl. Partington II,* 914 F.2d at 1350. As a result, the panel held it was bound to follow our precedent, and did so in reaffirming the award of sanctions against Gedan and Chang. *See id.* at 1350.

Now in our en banc capacity, we overrule *In re Curl, Rockwell,* and *Mooney* to the extent they authorize sanctions on appeal under Rule 11. The Supreme Court has recently stated that Rule 11 should not "require payment for any activities outside the context of district court proceedings." *Cooter & Gell,* 110 S.Ct. at 2461. We now apply this rationale and hold that Circuit Rule 1–1 cannot incorporate Rule 11 by reference. Accordingly, Rule 11 sanctions may no longer be imposed in our circuit on appeal pursuant to the *In re Curl* incorporation theory.

In accordance with this holding, we vacate the portion of our opinion in *Partington II* that reaffirms our ability to impose sanctions on appeal pursuant to the incorporation of Rule 11 into our circuit rules. We have no reason to pass on the remainder of the *Partington II* decision.

REVERSED AND VACATED IN PART.