963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric SCHROEDER, Plaintiff-Appellant,
v.
Richard RONOLO, Grievance Coordinator; George Iranon,
Director of Department of Corrections,
Defendants-Appellees.
Eric SCHROEDER, Plaintiff-Appellant,
v.
Richard RONOLO, Grievance Coordinator; GEORGE IRANON,
Director of Department of Corrections, Defendants-Appellees.
 Nos. 91-15525, 91-15701.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 15, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Schroeder, a Hawaii state prisoner appealing pro se, contends that prison officials denied him due process of law in violation of the Fourteenth Amendment when they refused to process his grievance against prison library personnel. He filed a complaint in forma pauperis pursuant to 42 U.S.C. § 1983. The district court adopted the magistrate judge's report and recommendation, granted summary judgment in favor of the prison officials, and ordered dismissal on February 22, 1991.[1]
 
 
 3
 Summary judgment may be upheld on a different ground from the ground on which the district court relied. First Pacific Bancorp, Inc. v. Bro, 847 F.2d 542, 545 (9th Cir.1988). We may affirm the dismissal "on any basis supported by the record even if the district court did not rely on that basis." Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986).
 
 
 4
 We have held that an in forma pauperis action may be dismissed with prejudice before service of process under 28 U.S.C. § 1915(d) where the complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face. Franklin v. Murphy, 745 F.2d 1221, 1227-29 (9th Cir.1984). Schroeder's complaint meets each of these criteria because it lacks arguable substance in law or in fact. See Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.1987). The prison officials did not refuse to process Schroeder's grievance. Instead, they returned it to Schroeder for clarification, stating: "This grievance is being returned to you. A complaint must be a specific allegation of wrongdoing. This grievance has not been recorded. See your case manager if you have questions." Schroeder failed to clarify his grievance or to see his case manager. Instead, he filed a section 1983 complaint in federal district court.
 
 
 5
 Because it is clear the deficiency could not be overcome by amendment, see Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam), the district court properly granted summary judgment in favor of the defendants and ordered dismissal.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This appeal indicates that two cases have been consolidated, Nos. 91-15525 and 91-15701. However, there are two notices of appeal. ER tabs 24 and 28. Both refer to the same district court order filed February 22, 1991. It is clear from the record that this is actually a single case, not consolidated cases
 
 
 [2]
 The district court's order of February 22, 1991, ordered that "the complaint is dismissed." (Emphasis added.) This court has held that "[o]rdinarily the dismissal of a complaint without the dismissal of the underlying action is not considered an appealable final order under 28 U.S.C. § 1291." Partington v. Gedan, 880 F.2d 116, 120 (9th Cir.1989) (Partington I ), judgment vacated on other grounds, 110 S.Ct. 3265 (1990), reaffirmed and readopted, 914 F.2d 1349, 1350 (9th Cir.1990) (per curiam) (Partington II ), clarified on other grounds, 923 F.2d 686 (9th Cir.1991) (en banc) (per curiam). However, the dismissal of a complaint may be considered final and appealable "if there are special circumstances which make it clear that a court determined that the action could not be saved by any amendment of the complaint," Scott v. Eversole Mortuary, 522 F.2d 1110, 1112 (9th Cir.1975), or "[i]f it appears that the district court intended the dismissal to dispose of the action." Hoohulia v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984)
 It is clear from the adoption of the magistrate judge's report that the district court determined that Schroeder's action could not be saved by any amendment and that the district court intended the dismissal to dispose of the action.