977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
R.R. JAMES; Ross C. James, dba James Orchards, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35638.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1992.
Decided Oct. 2, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This action was instituted to recover damages for injuries to the appellants' orchard in Grant County, Washington, as a result of a high groundwater table beneath the orchard. The district court granted the appellee's motion for summary judgment, holding in part that the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 1346, precluded subject matter jurisdiction.
 
 
 3
 We must first decide whether the district court's order was an appealable final order under 28 U.S.C. § 1291. In the order filed April 23, 1991, the court stated: "It is hereby ordered that ... [t]he complaint and claims contained therein against the United States are hereby dismissed." Order, No. C-89-518-AAM, at 17 (emphasis added). Because the court characterized the April 23rd order as one dismissing the complaint, the question arises whether it is final and appealable.
 
 
 4
 "Ordinarily the dismissal of a complaint without the dismissal of the underlying action is not considered an appealable final order under 28 U.S.C. § 1291." Partington v. Gedan, 880 F.2d 116, 120 (9th Cir.1989) (Partington I ), judgment vacated on other grounds, 110 S.Ct. 3265 (1990), reaffirmed and readopted, 914 F.2d 1349, 1350 (9th Cir.1990) (per curiam) (Partington II ), clarified on other grounds, 923 F.2d 686 (9th Cir.1991) (en banc) (per curiam). However, the dismissal of a complaint may be considered final and appealable if "there are special circumstances which make it clear that a court determined that the action could not be saved by any amendment of the complaint," Scott v. Eversole Mortuary, 522 F.2d 1110, 1112 (9th Cir.1975) (quotation omitted), or "[i]f it appears that the district court intended the dismissal to dispose of the action." Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984).
 
 
 5
 At oral argument, both parties asserted that the district court intended to issue a final order. Their position is supported by the court's statement that it dismissed not only the complaint, but also the "claims contained therein against the United States." Additionally, the circumstances make it clear the court concluded that the action could not be saved by any amendment. Although the court did not allow the appellants to amend their complaint,[1] it did so sub silentio by accepting new theories of negligence alleged in the appellants' opposition to the Bureau of Reclamation's motion for summary judgment.[2] We take the court's acceptance to mean that the appellants were given an opportunity to state their best theory of negligence in light of the discretionary function exception. Nonetheless, the court ruled that the exception applied. Under the circumstances, it is clear the court believed that any further amendment would be futile. See Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir.1991). We conclude that the order of April 23, 1991 is final and appealable.
 
 
 6
 The appellants' opening brief contains no mention of the district court's decision to apply the discretionary function exception as a basis for dismissing their complaint. Instead, they assigned error only to that part of the district court's order rejecting the common law theories of a duty. The government's appellate brief, on the other hand, maintains that there is no subject matter jurisdiction because of the exception.
 
 
 7
 " 'The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.' " Williams v. United States Gen. Serv. Admin., 905 F.2d 308, 312 (9th Cir.1990) (quoting Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986)). Similarly, we have held that where a district court rules on two claims, but only one issue is appealed, the failure to appeal the other constitutes a waiver of that issue. Preservation Coalition, Inc. v. Pierce, 667 F.2d 851, 861-62 (9th Cir.1982).
 
 
 8
 There is discretion in certain cases to consider improperly presented claims of error, where the appellee is not misled and the issue has been fully explored. International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 n. 4. (9th Cir.1985). We have observed that if an appellee's brief first raises an issue, it can be met in the reply brief. Ellingson v. Burlington Northern, Inc., 653 F.2d 1327, 1332 (9th Cir.1981). Here, the government raises the issue of the discretionary function exception in its brief. Nonetheless, the appellants refuse to discuss the issue in their reply, stating:
 
 
 9
 [U]nless the Plaintiffs are asked to provide this court with supplemental briefing on the issue of discretionary immunity based on the briefing and record set forth for the District Court's Opinion of April 12, the Plaintiffs are not going to address the issue and will limit the briefing to those issues properly raised before this court.
 
 
 10
 Rather than argue this crucial issue, the appellants have chosen to "put it to rest." See Ellingson, 653 F.2d at 1332 (where appellees merely point to an issue but do not discuss it, there is no issue on appeal). We decline to request supplemental briefing.[3] The circumstances of this case do not require that our normal rules be suspended.
 
 
 11
 At their peril, the appellants have chosen not to appeal the district court's ruling on the discretionary function exception. Because the issue is waived, there is no basis for us to decide whether the district court erred when it applied the discretionary function exception. The government has sovereign immunity and we lack subject matter jurisdiction over the appellants' other arguments.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have decided before that if a district court does not allow leave to amend, it must have determined that the action could not be saved by amendment. Eversole Mortuary, 522 F.2d at 1112
 
 
 [2]
 In their complaint, the appellants contended the irrigation canals were the source of the high water table in their orchard and that the government was liable for failing to line them. In their opposition to the motion for summary judgment, however, they conceded that the decision not to line the canals fell within the discretionary function exception. They claimed instead that their action was based on the Bureau's "negligent investigation of the need for drainage on Farm Unit 36" and "negligent failure to construct drainage on Farm Unit 36." In its April 23rd order, the court discussed the new claims as if an amendment to include them in the complaint had been granted
 
 
 [3]
 We must reject the appellant's arguments as to why they decline to appeal the district court's ruling on the discretionary function exception. The appellants claim the district court's sua sponte ruling on "discretionary immunity in its [April 23, 1991] opinion regarding duty was improper given its previous ruling [of April 12, 1991] on the issue." Reply Brief at 7. The appellants are mistaken that the court could not reconsider the discretionary function exception with respect to their new claims when it ruled on April 23, 1991 regarding the government's March 29, 1991 motion for summary judgment. It is elementary that the question of subject matter jurisdiction may be raised by the parties at any time or by the court sua sponte. Rath Packing Co. v. Becker, 530 F.2d 1295, 1303 (9th Cir.1975), aff'd sub nom., Jones v. Rath Packing Co., 430 U.S. 519 (1977); accord, Alton Box Board Co. v. Esprit de Corp., 682 F.2d 1267, 1270 n. 5 (9th Cir.1982)