985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Linwood LEE, Plaintiff-Appellant,
v.
WASHINGTON STATE; Don Ehrich; Gretchen McCallum; Carmen
Christine Lee, Defendants-Appellees.
 No. 91-36277.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1992.*
Decided Feb. 4, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-91-986-WLD; William L. Dwyer, District Judge, Presiding.
 W.D.Wash.
 REVERSED AND REMANDED.
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Linwood Lee appeals pro se the district court's dismissal of his civil rights action. We reverse and remand for further proceedings.
 
 
 3
 In April 1991, the King County Superior Court in the state of Washington granted a divorce to Michael Linwood Lee and his wife Carmen, and awarded residential care of their children to Carmen. In August 1991, appellant Lee filed this pro se action in district court for "conspiracy to interfere with civil rights, interference with civil rights, [and] action to prevent child abuse." The district court dismissed Lee's action under the doctrine of abstention because "the complaint concerns nothing more than a domestic relations dispute now being litigated in the courts of the State of Washington." Lee appeals from this dismissal.
 
 
 4
 While Lee's appeal was pending, the Supreme Court decided Ankenbrandt v. Richards, 112 S.Ct. 2206 (1992), which considerably narrows the domestic relations exception to federal jurisdiction. In light of Ankenbrandt, we reverse the dismissal on the basis of abstention. We remand to the district court to dismiss the complaint for failure to state a claim unless the district court concludes that plaintiff should be permitted to amend to cure any pleading deficiencies.
 
 
 5
 Dismissal of a complaint for failure to state a claim is appropriate where the allegations are conclusory and unsupported by specific facts. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982); Bergquist v. County of Cochise, 806 F.2d 1364, 1369 (9th Cir.1986). Lee's complaint contains no specific facts and only conclusory allegations. The most specific allegation in the two-page complaint is that one of the defendants violated "plaintiff's due process by refusing to comply with court ordered investigation...." Several of the other defendants are alleged to have "conspired to infringe upon the civil rights of the plaintiff and caused irreperable damage [sic]...." These allegations, unsupported by any specific facts, are insufficient to state a claim upon which relief can be granted.
 
 
 6
 When a complaint is dismissed for failure to state a claim, leave to amend should ordinarily be granted unless the complaint's deficiency could not possibly be cured. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992). We remand to the district court to determine whether plaintiff should be allowed to amend.
 
 
 7
 We deny the appellees' request for Rule 11 sanctions because Rule 11 does not authorize sanctions on appeal. Partington v. Gedan, 923 F.2d 686, 688 (9th Cir.1991) (en banc).
 
 
 8
 REVERSED and REMANDED for further proceedings.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3