**ALAMANCE INDUSTRIES, INC., Kayser-Roth Corporation, and Kayser-Roth Hosiery Co., Inc., Plaintiffs,**

v.

**GOLD MEDAL HOSIERY CO., Defendant.**

United States District Court
S. D. New York.
May 5, 1961.

CASHIN, District Judge.

This is a motion by defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a summary judgment in its favor dismissing the action on the grounds that there is no genuine issue as to any material fact, and that defendant is entitled to judgment as a matter of law.

Plaintiff, Kayser-Roth Corporation, is a New York corporation and the other two plaintiffs, Alamance Industries, Inc. and Kayser-Roth Hosiery Co., Inc., are North Carolina corporate subsidiaries of Kayser-Roth Corporation. Defendant, Gold Medal Hosiery Co., is a customer of Burlington Industries, Inc., of Greensboro, North Carolina (hereinafter called Burlington). The complaint charges defendant with infringement of plaintiffs' Bird et al. or "Supp Hose" Patent No. 2,841,971 by reason of defendant's sale of Burlington Support Stockings which it purchased from Burlington. Pursuant to an indemnity agreement Burlington is conducting and controlling the defense of this case.

On December 18, 1958, five hosiery companies, including Burlington, brought suit against the plaintiffs in the instant action in the United States District Court for the Middle District of North Carolina, Greensboro Division, for a declaration that Patent No. 2,841,971 was invalid or not infringed. Defendants filed a counterclaim charging infringement of said patent by reason of the manufacture and sale of the Burlington Support Stocking. On February 10, 1961 the Greensboro Court entered its Findings of Fact, Conclusions of Law and Opinion which held the patent invalid and unenforceable for misuse. Triumph Hosiery Mills, Inc. v. Alamance Industries, Inc., D.C., 191 F. Supp. 652.

On July 23, 1959 the plaintiffs in this action filed suit in the United States District Court for the District of Massachusetts against Filene's, a Boston department store, for infringement of Patent No. 2,841,971 by reason of the sale by Filene's of all-nylon stretch hosiery

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiffs.

William K. Kerr, New York City, for defendant, W. R. Hulbert, Boston, Mass., of counsel.

**540**

having support characteristics, including "Ironware" manufactured by Manchester Hosiery Mills. Burlington and Manchester Hosiery Mills openly defended and controlled this suit although neither formally intervened as a party defendant. The Court found the patent invalid for lack of patentable novelty over the prior art and dismissed the action with prejudice and with costs and attorneys' fees to defendant. Alamance Industries, Inc., et al. v. Filene's, Civil Action No. 59–582–W.

On November 2, 1951 the plaintiffs in the instant action filed six additional infringement suits, including the instant one, based on the same patent. In one of these (Alamance Industries, Inc. et al. v. Allied Stores Corporation d/b/a The Bon Marche, Civil Action No. 4941) the United States District Court for the Western District of Washington, Northern Division, entered summary judgment for the defendant on the basis of either the decision in Alamance Industries, Inc., et al. v. Filene's, supra, or Triumph Hosiery Mills, Inc., et al. v. Alamance Industries, Inc., supra. Appeals are now pending in all three actions.

 Plaintiffs in the instant action oppose the motion for summary judgment on the ground that there is an issue of fact as to whether Burlington controls and conducts the defense of this action. Defendant has filed affidavits by counsel for defendant, the Secretary-Treasurer of defendant, the President of Burlington Hosiery Co. (the division of Burlington which markets the accused Burlington Support Stocking) and the Secretary of Burlington and its Associate General Counsel, to the effect that Burlington is controlling and conducting the defense of this case. Plaintiffs do not claim that this is not so. They merely claim that they do not have sufficient knowledge on the subject. This is not sufficient to defeat a motion for summary judgment. Thomas v. Mutual Benefit Health and Accident Association, 2 Cir., 1955, 220 F.2d 17, 18; Bruce Construction Corp. v. United States, 5 Cir., 1957, 242 F.2d 873, 878.

Plaintiffs further oppose defendant's motion as a matter of judicial economy. That is that this motion should be held in abeyance until the appeals which are now pending are decided. Pendency of an appeal does not render the other judgments less final or binding. Goess v. A. D. H. Holding Corp., D.C.S.D.N.Y. 1937, 21 F.Supp 789; Bros, Incorporated v. W. E. Grace Manufacturing Co., 5 Cir., 1958, 261 F.2d 428.

Thus, on the basis of the aforementioned Triumph Hosiery Mills, Inc. case, or on the basis of the aforementioned Filene's case, defendant is entitled to a summary judgment as a matter of law.

Defendant's motion for summary judgment with respect to the Burlington Support Stocking is granted. Defendant's request for attorney's fees is denied.

It is so ordered.