554 F.2d 369
 Ralph WILLIAMS, Ralph Williams, Inc., a California
Corporation and Ralph Williams' North West
Chrysler Plymouth, Inc., a Washington
Corporation, Appellants,
v.
STATE OF WASHINGTON, and Slade Gorton, as Attorney General
of the State of Washington, Appellees.
 No. 75-1999.
 United States Court of Appeals,
Ninth Circuit.
 May 19, 1977.
 
 Ronald L. Hartman, argued, Caidin, Kalman, Hartman & Sampson, Beverly Hills, Cal., for appellants.
 Barbara J. Rothstein, argued, Seattle, Wash., for appellees.
 Appeal from the United States District Court for the Western District of Washington at Seattle.
 Before KOELSCH, DUNIWAY, and GOODWIN, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 An automobile dealer embroiled in state-court litigation over its trade practices appeals from the denial by the district court of injunctive and declaratory relief against the State of Washington. We affirm.
 
 
 2
 Ralph Williams, Inc., and other Williams entities filed their action in the district court and moved the court to convene a three-judge court. The complaint prayed for an injunction and a judgment declaring that the Washington Consumer Protection Act, Chapter 19.86 of the Revised Code of Washington (RCW 19.86), violated Amendments I, V, VI, VIII, and XIV of the United States Constitution.
 
 
 3
 The State of Washington had sued the Williams entities under RCW 19.86, alleging that Williams' automobile dealership in Seattle had engaged in unfair and deceptive acts and practices. The state trial judge dismissed the state's action on the ground, inter alia, that the Consumer Protection Act was unconstitutional. The state appealed, and the Washington Supreme Court reversed and remanded the case for trial.
 
 
 4
 The state case proceeded to trial. The state trial court found that Williams had violated RCW 19.86 in numerous respects, and ordered restitution. The court established a continuing program to monitor restitution. Williams refused to perform the acts required by the restitution order, and the state sought and obtained from the trial court a contempt order. Williams appealed both the judgment of restitution and the contempt order to the Washington Supreme Court. In due course, the state supreme court affirmed the trial court's decision. State v. Ralph Williams' North West Chrysler Plymouth, 87 Wash.2d 298, 553 P.2d 423 (1976).
 
 
 5
 While the state-court case was still before the trial court, however, Williams filed in the United States District Court the 42 U.S.C. § 1983 action which underlies this appeal. As noted, the district court dismissed the complaint and denied the application for a three-judge court, on the grounds that federal intervention in the state proceeding would be inconsistent with Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Kinney v. Lenon, 447 F.2d 596 (9th Cir. 1971).
 
 
 6
 Apart from extraordinary circumstances, which are not shown to exist here, federal courts do not intervene in pending state-court proceedings. Juidice v. Vail, --- U.S. ----, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Younger v. Harris, supra; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Henkel v. Bradshaw, 483 F.2d 1386 (9th Cir. 1973).
 
 
 7
 In Kinney v. Lenon, supra, we noted that the nonintervention policy extended to state civil proceedings in which the state has a particular interest. This view was reinforced by Huffman v. Pursue, Ltd., supra, which explained that the rationale for nonintervention is based upon the doctrines of federalism and comity. Huffman v. Pursue, Ltd., 420 U.S. at 601, 95 S.Ct. 1200, quoting Younger v. Harris, 401 U.S. at 44, 91 S.Ct. 746.
 
 
 8
 The suit Williams seeks to enjoin here is like the quasi-criminal nuisance action in Huffman, in which "the State's interest * * * is likely to be every bit as great as it would be were this a criminal proceeding." Huffman v. Pursue, Ltd., 420 U.S. at 604, 95 S.Ct. at 1208. The state is acting to protect its consumers from unfair and deceptive trade practices by prosecuting and penalizing those who violate the Consumer Protection Act. Calling the prosecution "civil" does not mean that important state policies can be frustrated by federal court interference that would not be countenanced in criminal cases. Because of Washington's governmental interest in enforcing its consumer protection act, federal abstention is required by the Huffman-Juidice line of cases.
 
 
 9
 The district court could still intervene to halt state proceedings upon a finding that the action in the state court is brought in bad faith or for harassment purposes, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it * * *." Watson v. Buck, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941), quoted with approval in Juidice v. Vail, --- U.S. at ----, 97 S.Ct. 1211; Huffman v. Pursue, Ltd., 420 U.S. at 611, 95 S.Ct. 1200; Younger v. Harris, 401 U.S. at 53-54, 91 S.Ct. 746. But Williams has made no such showing in this case. Four years of state proceedings, two appeals and a nine-week trial afforded Williams ample opportunity to present his constitutional claims. There was no suggestion that the state proceedings had been brought in bad faith.
 
 
 10
 Williams is also barred by res judicata. After the adverse final decision by the Washington Supreme Court, Williams' remedy, if any, lay in an effort to reach the United States Supreme Court.[1] Francisco Enterprises, Inc. v. Kirby, 482 F.2d 481 (9th Cir. 1973), cert. denied, 415 U.S. 916, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).
 
 
 11
 Affirmed.
 
 
 
 [1]
 That court dismissed Williams' appeal for lack of a substantial federal question. Ralph Williams N.W. Chrysler Plymouth, Inc. v. Washington, 45 L.W. 3666 (U.S., April 5, 1977)