**WARWICK CORPORATION**

v.

**MARYLAND DEPARTMENT OF TRANSPORTATION, et al.**

Civ. No. Y–83–1010.

United States District Court,
D. Maryland.

Oct. 31, 1983.

Robin John Pecora, Baltimore, Md., for plaintiff.

David E. Zerhusen, Asst. Atty. Gen., Baltimore, Md., and Steven W. Vanderbosch, Asst. Atty. Gen., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

The plaintiff brought this action seeking damages under 42 U.S.C. § 1983, declaratory relief under 28 U.S.C. § 1331, and injunctive relief and damages for several pendent and ancillary state and constitutional claims, and also under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Federal-Aid Highway Act, 23 U.S.C. § 101 *et seq.* The defendant responded with a motion to dismiss, or, in the alternative, for summary judgment, raising a defense of *res judicata* to six of the eight counts in the complaint and of collateral estoppel or failure to state a claim to the remaining two counts.

For the reasons stated below, this Court finds that the plaintiff is barred from raising six of his counts by the doctrine of *res judicata,* and will grant dismissal as to the remaining two counts on the grounds that the plaintiff has failed to state a claim upon which relief may be granted.

## FACTS

This dispute arose over the sale—or the taking by eminent domain, depending on which party is to be believed—of some land in the southern part of Baltimore City which was acquired by the State Roads Commission, predecessor of the defendant state Department of Transportation. According to the plaintiff, the state instituted condemnation proceedings against it, which resulted in a settlement and an agreed-upon option contract signed on July 24, 1970. The state exercised its option under the contract to take the land on November 25, 1970.

The plaintiff thereafter became dissatisfied with the performance of the defendant, and sued in state court. The defendant responded with a motion raising preliminary objections, primarily the defense of sovereign immunity. The defense was upheld by the General Equity Master in a report and recommendation filed December 9, 1982, and Maryland Circuit Court Judge Marshall A. Levin, after a hearing, affirmed the master's recommendations and dismissed the plaintiff's Bill of Complaint on February 16, 1983. The plaintiff has appealed the decision to the Maryland Court of Special Appeals, where the case is pending.

The defendant claims—and the plaintiff has not disputed—that the complaint filed in federal court is identical in material respects to the complaint acted upon by the Maryland Equity Master and the Maryland Circuit Court. The parties are identical, and the issues and claims are identical (with the exception of two counts in the complaint). In fact, the defendant has alleged, without protest from the plaintiff, that Counts I, II, III, IV and VI of the federal complaint now before this Court were copied *verbatim* from the original complaint filed in state court, and that Count V has been altered only to reflect that the plaintiff is seeking federal—as opposed to state—declaratory relief.

## RES JUDICATA

■ The Court has determined that the defendants' motion to dismiss should be granted as to the first six counts of the complaint on the grounds of *res judicata.*

The applicable law is simply stated.

[A] state court judgment commands the same *res judicata* effects in federal court that it would have in the court that entered it. [18] Wright and Miller, *Federal Practice and Procedure,* § 4469 at 659–660 (1981).

Congress has specifically required all federal courts to give preclusive effect to state court judgments when the courts of the state from which the judgments emerged would do so ... *Allen v. McCurry,* 449 U.S. 90, 96 [101 S.Ct. 411, 415, 66 L.Ed.2d 308] (1980).

The Congressional dictate referred to in *Allen* is the federal statute which extends to the federal courts the full faith and credit which the United States Constitution (Art. IV, § 1) requires in state courts for judgments entered in other state courts.

Such ... judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. 28 U.S.C. § 1738.

The law with regard to 42 U.S.C. § 1983 actions is no different than it is with regard to other actions brought in federal court after having been litigated in state court. *Allen v. McCurry, supra,* 449 U.S. at 97, 101 S.Ct. at 416:

... the virtually unanimous view of the Courts of Appeals since *Preiser* has been that § 1983 presents no categorical bar to the application of res judicata and collateral estoppel concepts ... These federal appellate court decisions have spoken with little explanation or citation in assuming the compatibility of § 1983

and rules of preclusion, but the statute and its legislative history clearly support the courts' decisions.

The same rules on *res judicata* apply to counts in the complaint now before this Court where the plaintiff is attempting to assert a *Bivens*-type action for violation of constitutional rights.

A prior state court adjudication of a federal constitutional right bars a subsequent federal action seeking vindication of the same right. *Brown v. DeLayo*, 498 F.2d 1173, 1175 (10th Cir.1974).

As noted by one Circuit Court of Appeals, it is crystal clear that *res judicata* effects will be given to a state court judgment which is followed by an identical claim in federal court:

As a general rule, this Circuit accords state court decisions of federal constitutional claims res judicata effect in subsequent § 1983 actions ... *The easiest application of the res judicata bar involves a federal plaintiff who seeks to relitigate the identical constitutional claim he, as a state plaintiff, sued upon and lost in state court. Fernandez v. Trias Monge*, 586 F.2d 848, 854 (1st Cir. 1978) (emphasis added).

Therefore, this Court must give the earlier Maryland state court opinion the effect it would have in a Maryland court, in determining whether the earlier dismissal in state court will be given preclusive effect in this federal court action. Maryland rules on *res judicata* are similar—if not identical—to those applied in other courts.

The doctrine of res judicata is that a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit... *Alvey v. Alvey*, 225 Md. 386, 390, 171 A.2d 92 (1961).

The Court would note that the causes of action claimed by the plaintiff in its unsuccessful state court suit were identical to the issues raised here.

The plaintiff opposes the application of *res judicata* to this complaint on several grounds. First, it argues that since the state court dismissed the action on a motion raising preliminary objections, the court never reached the "merits" of the case, and therefore *res judicata* effect should not be given to the decision. Second, it claims that since the decision of the state Circuit Court is under appeal, it is not a "final" decision entitled to receive *res judicata* effect. And third, it argues that since applicable case law in Maryland gives *res judicata* effect to dismissals for sovereign immunity only in state courts, the *res judicata* effect would not carry over to federal court. All three arguments are without merit.

■ As to the plaintiff's first argument—that the prior state court decision is not a "final" judgment because it did not reach the "merits" of the case—the plaintiff is correct that at least one decision by the intermediate Maryland appellate court has held that a judgment must be final and must be on the merits to receive *res judicata* effect. *Annapolis Urban Renewal v. Interlink*, 43 Md.App. 286, 291, 405 A.2d 313 (1979). Unfortunately for the plaintiff, that very same case decided that a claim which had been dismissed on the grounds of sovereign immunity cannot be relitigated because of the doctrine of *res judicata*.

Although the "merits" of the underlying cause of action are never heard when a Rule 323 motion is granted on the grounds of sovereign immunity, we conclude that the judgment entered is indeed a final judgment on the merits for purposes of *res judicata*. *Id.*

The court reached its decision after distinguishing between merely procedural dismissals, which would allow relitigation of the case if the procedural bar is removed, and dismissals for substantive matters, which would completely bar relitigation.

When a court dismisses an action because of jurisdictional, procedural, or venue problems, it is acting for reasons that do not go to the substance of the

**1014**

case. But, when a court decides that it cannot hear the case because of a legal defense such as sovereign immunity, the plaintiff cannot maintain his cause of action. *Id.* at 294, 405 A.2d 313.

As mentioned above, the Court must apply the Maryland rule of *res judicata.* The Court is not bound to find that the intermediate appellate court ruling discussed above is the definitive state common-law ruling. Nonetheless, absent a contrary ruling by the state's highest court, federal courts are to regard holdings by the lower state court with due respect.

> As intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question. *Fidelity Union Trust v. Field,* 311 U.S. 169, 177–78 [61 S.Ct. 176, 177–78, 85 L.Ed. 109] (1940).

Here, no rulings contrary to the holding in *Annapolis Urban Renewal* have been cited to or found by the Court, and the Court finds the reasoning of that case persuasive. Therefore, the Court finds that the rule in Maryland is that a judgment granting dismissal on the grounds of sovereign immunity is a final judgment on the merits, commanding *res judicata* effect.

The plaintiff argues that the *Annapolis Urban Renewal* case is distinguishable because it applies only to the *res judicata* effect to be applied in *state* court. However, as noted above, this Court is required to give the earlier ruling the same preclusive effect that it would obtain in state court.

The plaintiff's final challenge to *res judicata* is its assertion that the judgment in the earlier state court case is not "final" since it is under appeal. It is true that, for some purposes in some cases, a judgment is not considered final pending appeal, *see Hutchinson v. State,* 292 Md. 367, 372, 438 A.2d 1335 (1982) (dissenting opinion). However, no Maryland decision has held that a judgment is stripped of its *res judicata* consequences because it is being appealed. Such a consequence would be contrary to the general prevailing law.

> The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal ... [18] Wright & Miller, *Federal Practice and Procedure,* § 4433 at 308 (1981).

Such a consequence would also be laughable. If a judgment was denied its *res judicata* effect merely because an appeal was pending, litigants would be able to refile an identical case in another trial court while the appeal is pending, which would hog-tie the trial courts with duplicative litigation. If the plaintiff wants to appeal the decision of a trial court, the appropriate course is to do what the plaintiff here has done—appeal the ruling in state appellate court. It is inappropriate for it to be appealing its case to another trial court.

The plaintiff complains that granting *res judicata* effect means that no evidentiary hearing will be held on the merits of its case. However, if the Maryland Court of Special Appeals and then the Maryland Court of Appeals should find that the plaintiff's position has no merit, the plaintiff's avenue to federal review on the federal question is to appeal to the United States Supreme Court, not to the federal district court. *Williams v. State of Washington,* 554 F.2d 369, 371 (9th Cir.1977).

One further claim of the plaintiff should be discussed at this point. The plaintiff also claims that application of *res judicata* is inappropriate at this point because, since the hearings in state court, the defendants have acted in certain ways to deprive the plaintiff of its constitutional rights. The plaintiff's new charges appear in its memorandum in opposition to dismissal, but nowhere in the complaint. The charges are therefore not properly before the Court.

REMAINING COUNTS

Having dismissed counts one through six of the complaint, the Court now considers the merits of counts seven and eight. Count seven alleges a violation of the "Interstate Highways Act" (which the defendants claim is inapplicable because federal

funds were never spent on the land at issue), and count eight alleges a violation of the Lanham Act (which the defendants argue is inapplicable to the plaintiff's allegations).

 The plaintiff's seventh count is puzzling, to say the least. It alleges that the "Interstate Highways Act of the United States Code" provides that "fair and just compensation shall be paid to owners of property for ... rights of way" for interstate highways. This count must be dismissed for several reasons.

First of all, this Court has reviewed the "Federal-Aid Highway Act," 23 U.S.C. § 101 et seq., to which it presumes the plaintiff is referring, in its entirety, and can find no provision such as the one cited by plaintiff, which would grant the former owner of a right-of-way a cause of action independent of his constitutional right to just compensation.

Secondly, as the defendant points out, the Federal-Aid Highways Act requires the payment of federal money in order for the Act to be invoked. The defendant has submitted an affidavit from an official of the Maryland Department of Transportation stating that he has examined the records and that no Federal money was used to acquire the land at issue here. While the plaintiff correctly points out that affidavits in support of a motion for summary judgment must be based on personal knowledge, the affiant here is making statements based on his personal knowledge of the business records of the state agency. Since his testimony would be admissible in open court under Rule 803(6) of the Federal Rules of Evidence, his affidavit, which has not been challenged as to the use of federal funds by counteraffidavits, may be considered by the Court. *See* Wright & Miller, *Federal Practice and Procedure*, § 2721 at 40 (1983): "The court may consider any material that would be admissible at trial."

 The eighth count alleges that the defendants committed a violation of the Lanham Act, 15 U.S.C. § 1051 et seq. by committing acts which "constitute unfair business competition." Again, there is more than one ground for dismissal of this count. The Lanham Act, as the defendant indicates, is a Trademark Infringement statute, and obviously, this case does not involve trademarks. While the statute has been expanded to cover cases in which a competitor misrepresents goods, the defendant is not a competitor of the plaintiff, and no goods are involved.

Accordingly, it is this 31st day of October, 1983, by the United States District Court for the District of Maryland, ORDERED:

That the complaint BE, and the same IS, hereby DISMISSED and that copies of this Memorandum and Order be mailed to all parties.