STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Plaintiff,

v.

Wayne C. METCALF, III, Individually and
in his capacity as Insurance Commis-
sioner of the State of Hawaii, Defen-
dant.

CV. No. 95–00571 ACK.

United States District Court,
D. Hawai'i.

July 19, 1995.

David J. Dezzani, Edmund K. Saffery,
Goodsill Anderson Quinn & Stifel, Honolulu,
HI, for plaintiff.

Steven S. Michaels, Office of the Attorney
General—State of Hawaii, Honolulu, HI, for
defendant.

### ORDER DENYING PLAINTIFF'S MO-TION FOR A TRO AND DISMISSING PLAINTIFF'S COMPLAINT

KAY, Chief Judge.

#### BACKGROUND

During the 1995 session of the Hawaii State Legislature, legislation was passed in the form of Senate Bill 1762, entitled "A Bill For An Act Relating To Motor Vehicle Insurance." The purpose of Senate Bill 1762, as described by the Hawaii State Legislature in Conference Committee Report No. 137, was to "reform the no-fault motor vehicle liability insurance system." After Senate Bill 1762 was approved by both houses of the Hawaii State Legislature, it was vetoed by Governor Cayetano. The legislature subsequently failed to override the Governor's veto.

During the legislative process and following the governor's veto, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") published media advertisements and sent direct mailings concerning

specific aspects of the bill. Subsequently, Insurance Commissioner Wayne Metcalf ("Commissioner") filed a Complaint and Order to Show Cause against State Farm on June 28, 1995, alleging State Farm had made untrue, deceptive or misleading statements in these advertisements and mailings in violation of Title 431 of the Hawaii Revised Statutes. A hearing before the Insurance Commission is scheduled for July 21, 1995.

On July 13, 1995, State Farm filed a Complaint for Injunctive Relief in this Court, seeking to enjoin the Insurance Commissioner from proceeding with the July 21 hearing and from "otherwise hindering or preventing State Farm from exercising its First Amendment rights to publicly express its views regarding no-fault automobile insurance reform legislation." At the same time, Plaintiff filed a Motion for Temporary Restraining Order, requesting that the Court enjoin the state hearing during the pendency of this action.

### *DISCUSSION*

This case falls squarely under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger,* the plaintiff brought suit under 42 U.S.C. § 1983 to enjoin a criminal prosecution against him on the grounds that the criminal statute was unconstitutional. The Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances such as bad faith, harassment or a biased state judiciary. *Id.* at 54, 91 S.Ct. at 755.

The *Younger* doctrine espouses a "strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). "The policy rests on notions of comity and respect for state functions and was born of the concern that federal court injunctions might unduly hamper state criminal prosecutions." *Champion International Corp. v. Brown,* 731 F.2d 1406, 1408 (9th Cir.1984) (citing *Younger v. Harris,* 401 U.S. at 44, 91 S.Ct. at 750–51).

"*Younger*'s central meaning is that a federal district court may not, save in exceptional circumstances, enjoin, at the behest of a person who has actually or arguably violated a state statute, a state court proceeding to enforce the statute against that person." *Nevada Entertainment Industries v. City of Henderson,* 8 F.3d 1348, 1351 (9th Cir.1993) (quoting *Alleghany Corp. v. Haase,* 896 F.2d 1046, 1050–51 (7th Cir.1990), vacated as moot, 499 U.S. 933, 111 S.Ct. 1383, 113 L.Ed.2d 441 (1991)). Although the *Younger* case involved criminal proceedings, the doctrine has been extended to proceedings other than criminal cases. *Middlesex County Ethics Committee,* 457 U.S. at 431–32, 102 S.Ct. at 2520–21. The Supreme Court has stated clearly that concerns of comity and federalism are fully applicable to civil proceedings in which important state interests are involved. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 627–28, 106 S.Ct. 2718, 2722–23, 91 L.Ed.2d 512 (1986).

■ In deciding whether *Younger* abstention applies, the Ninth Circuit applies the three-pronged test outlined by the Supreme Court in *Middlesex:* (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Fresh International Corp. v. Agricultural Labor Relations Board,* 805 F.2d 1353, 1357–58 (9th Cir.1986) (citing *Middlesex,* 457 U.S. at 432, 102 S.Ct. at 2521).

■ In the case at bar, all of these requirements are met, and abstention is therefore warranted under the *Younger* doctrine. First, it is undisputed that an action is currently pending against Plaintiff before the Insurance Commission of the State of Hawaii. This proceeding is judicial in nature, being initiated by a complaint against Plaintiff filed by the Insurance Commissioner and seeking to enforce Plaintiff's alleged violation of a state statute.

Second, the state proceedings implicate important state interests. Plaintiff challenges an action brought against Plaintiff under H.R.S. § 431:13–103(a)(2), which prohibits unfair and deceptive practices in the business

of insurance. Clearly the state has a vital interest in regulating the insurance industry. Indeed, the McCarran–Ferguson Act vests states with the authority to regulate insurance carriers and stresses that state regulation of the business of insurance is "in the public interest." 15 U.S.C. § 1011; *see also Securities and Exchange Commission v. National Securities*, 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969); *Federal Trade Commission v. National Casualty Company*, 357 U.S. 560, 78 S.Ct. 1260, 2 L.Ed.2d 1540 (1958). The State also has a strong interest in protecting its consumers from unfair and deceptive trade practices by prosecuting and penalizing insurance carriers who violate the State's regulations. *See Williams v. State of Washington*, 554 F.2d 369, 370 (9th Cir.1977) (holding that state had a strong interest in protecting consumers from unfair and deceptive trade practices under the Consumer Protection Act). The importance of a state interest may also be demonstrated by the fact that the noncriminal proceedings bear a close relationship to criminal proceedings. *Middlesex County Ethics Committee*, 457 U.S. at 432, 102 S.Ct. at 2521; *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082–83 (9th Cir.1987). Here, the State brought a civil action in order to enforce a state statute prohibiting unfair and deceptive advertising by insurance carriers. Such an action, allowing for fines and penalties for violations of the statute, is akin to a criminal prosecution.

Although Plaintiff acknowledges that the regulation of unfair or deceptive trade practices is a legitimate concern of the State, Plaintiff contends that the current proceedings were undertaken to suppress political speech and not to regulate trade practices. This argument pertains more to the merits of Plaintiff's action than to whether the pending state action implicates a sufficiently important state interest to justify abstention under *Younger*. Clearly, the pending complaint against Plaintiff was filed pursuant to the State's insurance regulation and therefore implicates the State's interest in protecting consumer's from unfair and deceptive practices by insurance carriers.

Finally, Plaintiff has an adequate opportunity in state court to litigate the constitutional issues in this case. It is sufficient for *Younger* purposes "that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *E.g. Dayton Christian Schools*, 477 U.S. at 629, 106 S.Ct. at 2724; *Kenneally v. Lungren*, 967 F.2d 329 (9th Cir.1992). In *Dayton Christian Schools* the Supreme Court noted that "even if Ohio law is such that the Commission may not consider the constitutionality of the statute under which it operates, it would seem an unusual doctrine ... to say that the Commission could not construe its own statutory mandate in the light of federal constitutional principles. In any event, it is sufficient under *Middlesex* that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Dayton Christian Schools*, 477 U.S. at 629, 106 S.Ct. at 2724 (internal quotes omitted). It is undisputed that Plaintiff will have an opportunity to raise its First Amendment claims during the state administrative proceedings or upon judicial review of the Insurance Commissioner's decision.

Plaintiff contends that any judicial review of its First Amendment claims in state court will not be adequate because Defendants' actions have already had, and will continue to have, a chilling effect on Plaintiff's speech. Although courts have recognized that certain forms of abstention may be inappropriate where a plaintiff contends that his First Amendment rights are violated, *Zwickler v. Koota*, 389 U.S. 241, 252, 88 S.Ct. 391, 397–98, 19 L.Ed.2d 444 (1967) (court would not abstain from facial challenge of statute based on First Amendment); *Ripplinger v. Collins*, 868 F.2d 1043, 1048 (9th Cir.1989) (same ); *but see, Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir.1987) ("there is no absolute rule against abstention in first amendment cases"), *Younger* and progeny do not support an extension of this principle to *Younger* abstention. Indeed, the plaintiff in *Younger* unsuccessfully argued that the chilling effect of the state's prosecution of Plaintiff justified federal intervention in the state proceedings. *Younger*, 401 U.S. at 50, 53, 91 S.Ct. at 753–54, 754–55 (noting that criminal prosecution under a statute regulating expression usually

involves contingencies that may inhibit the full exercise of First Amendment freedoms); *see also Middlesex County Ethics Committee,* 457 U.S. at 435–36, 102 S.Ct. at 2522–24 (abstained from enjoining state ethics proceeding which plaintiff claimed violated his First Amendment rights); *World Famous Drinking Emporium Inc.,* 820 F.2d at 1082 ("A First Amendment challenge does not alter the propriety of abstention in [an action seeking to enjoin enforcement of a zoning ordinance]"); *Nevada Entertainment Industries,* 8 F.3d at 1350 (abstained from hearing First Amendment Challenge of administrative proceeding). The *Younger* court further expressed its opinion that a federal court could not properly enjoin enforcement of a statute solely on the basis of a showing that the statute "on its face" abridges First Amendment rights. 401 U.S. at 53, 91 S.Ct. at 754–55.

■ Plaintiff further contends that the Court should not abstain in this case because the Commissioner is biased and has prejudged the issues involved in the state proceedings. *See Gibson v. Berryhill,* 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973) (recognizing that if a plaintiff can establish that either the state administrative tribunal or the state court is not "competent" because of bias, then abstention is not appropriate). The *Gibson* Court concluded that de novo judicial review of the decision of a "biased" administrative board may not satisfy the third requirement for *Younger* abstention. *See id.* at 577, n. 16, 93 S.Ct. at 1697, n. 16.

In claiming bias, Plaintiff must overcome the presumption that the Deputy Insurance Commissioner or the Hawaii state court judges are unbiased. *See Partington v. Gedan,* 880 F.2d 116, 124 (9th Cir.1989), *vacated,* 497 U.S. 1020, 110 S.Ct. 3265, 111 L.Ed.2d 776 (1990), *reaff'd* 914 F.2d 1349 (9th Cir.1990), rev'd and vacated in part, 923 F.2d 686 (9th Cir.1991). Plaintiff can "rebut this presumption by a showing of conflict of interest or some other specific reason for disqualification." *Id.* (quoting *Schweiker v. McClure,* 456 U.S. 188, 195, 102 S.Ct. 1665, 1669–70, 72 L.Ed.2d 1 (1982)). The Court finds that Plaintiff has failed to meet its

burden of showing either bias or prejudgment. Plaintiff contends that the initial findings of the Commissioner, as set forth in the complaint issued against Plaintiff, shows that the Commissioner has prejudged this action. The Court notes that the Commissioner has recused himself and Deputy Commissioner Hiram Tanaka will preside as adjudicator of the charges against State Farm. Moreover, in *Withrow v. Larkin,* the United States Supreme Court rejected the contention "that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative proceedings." 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975). Instead, the Court emphasized that a plaintiff advancing such an argument "must overcome a presumption of honesty and integrity in those serving as adjudicators; and must convince [the court] ... [of] a risk of actual bias or prejudgment." *Id.* The *Withrow* Court rejected the proposition that because the board issued written findings of fact and conclusions of law in support of its probable cause determination, the board had prejudged the case. *Id.* at 56–57, 95 S.Ct. at 1469. The Court pointed out that an initial finding of probable cause to believe a physician had violated a statute was not logically inconsistent with a subsequent decision, based on complete evidence brought out at an adversarial hearing, that the physician did not violate the statute. *Id.* at 57–58, 95 S.Ct. at 1469–70.

■ Even where the three requirements for *Younger* abstention are met, federal courts should not abstain where: (1) the state proceedings are undertaken for bad faith or for purposes of harassment; or (2) some other "extraordinary circumstance" exists. *Partington,* 880 F.2d at 128. Since *Younger,* the Supreme Court has never applied the bad faith exception and found a state action to constitute a bad faith prosecution, although several circuit courts have so found. In the case at bar, Plaintiff has failed to meet its burden of showing the Insurance Commissioner initiated the complaint against Plaintiff in bad faith.

The extraordinary circumstances exception "recognizes that a federal court need not abstain when faced with a flagrantly uncon-

stitutional statute." *Partington*, 880 F.2d at 128. Although Plaintiff's constitutional claims raise serious concerns, Plaintiff does not contend that the applicable statute is "patently violative of express constitutional prohibitions in every clause, sentence, and paragraph and in whatever manner and against whomever an effort might be made to apply it." *Id.*

Because *Younger* abstention is warranted in this case, the Court dismisses Plaintiff's complaint without prejudice. *See, Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir.1989) (*Younger* abstention requires dismissal of the federal action). Because it is abstaining, the Court has not addressed the merits of whether there is any violation of Title 431 of the Hawaii Revised Statutes.

### CONCLUSION

For the foregoing reasons, this Court DENIES Plaintiff's application for a temporary restraining order and DISMISSES Plaintiff's complaint without prejudice.

IT IS SO ORDERED.