In re Peter J. PORCELLI, II, Debtor,

Federal Trade Commission, Plaintiff,

v.

Peter J. Porcelli, II, Defendant.

No. 8:03–BK–04075–ALP.
Adv. Proc. No. 03–00549.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 22, 2005.

Thomas C. Little, Thomas C. Little, PA, Clearwater, FL, for Debtor/Defendant.

Robert J. Wahl, Tiffany A. DiIorio, Forizs & Dogali, PL Benjamin E. Lambers, Tampa, FL, for Trustees.

Guy G. Ward, Chicago, IL, Ramona D. Elliott, Washington, DC, for Plaintiff.

### ORDER GRANTING FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 30)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case of Peter J. Porcelli, II, (Debtor) is the dischargeability, *vel non*, of a money judgment entered against the Debtor in the amount of $12,563,962.34 and in favor of the Federal Trade Commission (FTC), pursuant to 11 U.S.C. § 523(a)(2)(A), 28 U.S.C. §§ 157 and 1334, Fed.R.Civ.P. 56, and Fed. R. Bankr.P. 4007 and 7056. (Doc. No. 10). The judgment was based on an Order entered by the United States District Court for the Northern District of Illinois (District Court) granting the FTC's Motion for Summary Judgment in a suit filed by the FTC against the Debtor and several other Defendants. The District Court's Order entered on April 8, 2004, found that the Debtor and others obtained money, through a telemarketing program by making materially false and misleading statements, from more than 100,000 consumers who, relying on these false statements, paid to the corporations owned and controlled by the Debtor from $200 to $400 for a credit card which they never received. The liability imposed by the District Court on the Debtor was joint and several and the District Court made a specific finding concerning the Debtor's involvement in the telemarketing program.

### PRE–PETITION BACKGROUND

On August 13, 2002, the FTC brought a consumer fraud action against the Debtor and other defendants in the United States District Court for the Northern District of Illinois in the case styled *FTC v. Bay Area Business Council, Inc., et al.*, Case No. 02–C–5762 (N.D.Ill.) (Enforcement Action). The other defendants included three corporations owned by the Debtor: Bay Area Business Council, Inc.; Bay Area Business Council Customer Services Corp.; American Leisure Card Corp.; and two individuals, Bonnie A. Harris, and Christopher Tomasulo.

In its Complaint for Injunctive and Other Equitable Relief, the FTC alleged that the Defendants were operating a telemarketing enterprise that offered and sold nonexistent "MasterCard" credit cards to consumers all over the United States for an advance fee in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. Part 310.

On August 14, 2002, the District Court entered an ex parte Temporary Restraining Order with an Asset Freeze and Other Relief (TRO). The TRO required the Defendants to cease and desist from making false and misleading statements, froze the Defendants' assets, and imposed a receiv-

ership over the corporations. On August 15, 2002, the receiver assumed control of the affairs of the Debtor's corporations that were listed in the Enforcement Action and terminated their operations. On August 21, 2002, the Defendants in the Enforcement Action filed their Opposition to Plaintiff's Motion for Preliminary Injunction.

On October 2, 2002, the District Court entered a Stipulated Preliminary Injunction against the Defendant and his co-defendants. The receivership and the asset freeze remained in effect until the bankruptcy case commenced. On October 22, 2002, the FTC filed its Amended Complaint with the District Court naming as defendants Sr. Marketing Consultants, Inc., Bay Memberships, Inc., and Special Technologies, Inc., corporations created by the Debtor with the intent to continue the Debtor's operations and bypass the District Court Order. On October 30, 2002, the FTC moved to add to the receivership the newly added Defendant Corporations.

On November 1, 2002, Sr. Marketing Consultants, Inc., Bay Memberships, Inc., and Special Technologies, Inc. filed their voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code. The Schedules and Statements of Financial Affairs for each of the Defendants were signed by the Debtor. Furthermore, the address listed for each of them in their Schedules and Statements of Financial Affairs was that of the Debtor's residence located in Clearwater, Florida.

## FTC' S MOTION FOR SUMMARY JUDGMENT

On March 3, 2003, the Debtor filed for his own relief under Chapter 11 of the Bankruptcy Code. On June 3, 2003, the FTC filed a Motion to Extend Time to File Complaint to Determine Dischargeability of Debt (Doc. No. 50, General Case). On July 31, 2003, this Court entered its Order Granting Motion to Extend Time until October 31, 2003 (Doc. No. 69, General Case). On October 1, 2003, the FTC filed its Complaint to Determine Nondischargeability of Debt owed to the FTC (Doc. No. 1, Adv.Pro.03–549). On November 3, 2003, the Debtor filed his Motion to Dismiss Adversary Proceeding. On November 28, 2003, the Debtor filed his Objection to Claim # 18 of the Federal Trade Commission. On December 13, 2003, this Court entered its Order Denying Motion to Dismiss Adversary Proceeding and granted the Debtor twenty (20) days from the date of the Order to file his Answer. On December 22, 2003, the Debtor filed Notice of Withdrawal of Objection to Claim # 18 of the FTC.

On November 3, 2004, the Debtor converted his Chapter 11 case to a Chapter 7 case. On November 30, 2004, the FTC filed a Motion for Summary Judgment (Doc. No. 30). On December 13, 2004, the Debtor filed his Response to FTC's Motion for Summary Judgment (Doc. No. 34).

At the duly scheduled hearing held before this Court on December 12, 2004, this Court heard oral arguments on the Motion by the FTC and the response by the Debtor.

The FTC contends that the Debtor is precluded from litigating both the issue of the Debtor's liability and the character of the liability based on the Orders of the District Court (FTC Exhibit A and B). The validity of the Debtor's liability is no longer in dispute and the sole issue remaining is the character of that liability. The FTC claims that the District Court's detailed findings satisfies as a matter of law all the elements required to prove the nondischargeability of the debt according to Section 523(a)(2)(A). The FTC argues that the Debtor is bound by the findings of the District Court based on the doctrine of

issue preclusion, also known as the doctrine of collateral estoppel. In addition, the FTC relies on the entire record of the litigation which, in addition to the two Orders, consists of seven volumes of exhibits and more than a hundred Declarations by the victims of the telemarketing program operated by the Defendants and owned and operated by the Debtor. It is the contention of the FTC that there are no genuine issues of material fact and the FTC is entitled to a judgment in its favor as a matter of law determining that the money judgment entered against the Debtor in the litigation shall be excepted from the overall protection of the general bankruptcy discharge pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.

In opposition to the FTC's Motion for Summary Judgment, the Debtor filed a written response together with eight Affidavits and a copy of the same two Orders introduced by the FTC. It is the contention of the Debtor that the Final Judgment entered against him is on appeal and, thus, the Judgment is not final and finality of the litigation is an indispensable element of the doctrine of collateral estoppel. Therefore, it is premature to consider the FTC's Motion for Summary Judgment. Next, the Debtor contends that the District Court did not find that the Debtor committed fraud and there is no proof of scienter that the Debtor intended to harm the parties who paid for the telemarketing program. According to the Debtor, the program was conducted by independent telemarketers whose conduct should not be attributed to the Debtor unless:

1.  the Debtor actively participated or had the authority to control the deceptive practices of the corporation or

2.  the Defendant knew or should have known about the deceptive practices

Lastly, the Debtor contends that the affidavits on file leave no doubt that there are genuine issues of material fact which would preclude the determination of the character of the liability imposed on the Debtor by the District Court.

### THE IMPACT OF PENDENCY OF AN APPEAL ON THE APPLICATION OF THE DOCTRINE OF COLLATERAL ESTOPPELS

█ Whether or not collateral estoppel applies to a final judgment when it is on appeal has been considered by several courts in various jurisdictions. It is not surprising that there is no general consensus and there are no controlling answers pronounced by the courts to this troubling question.

In the case of *Deposit Bank v. Board of Councilmen of Frankfort*, 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276 (1903) the Supreme Court considered the issue of *res judicata* and stated:

> "A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact, once so determined, must, as between the same parties or their privies, 'be taken as conclusively established, so long as the judgment in the first suit remains unmodified.'"

191 U.S. at 514, 24 S.Ct. 154 (citing *Southern P.R. Co. v. United States*, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355).

In the case of *Pharmacia & Upjohn Company v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373 (1999) the Court of Appeals for the Federal Circuit considered the issue of whether or not the District Court erred by applying the doctrine of collateral

estoppel because Upjohn did not have a full and fair opportunity to litigate and the effect of the judgment involved in that case was uncertain. The Court of Appeals in *Pharmacia* stated:

"Although the Fourth Circuit has not directly spoken on the issue, a district court opinion from that circuit, affirmed without opinion, suggests that the Fourth Circuit follows '[t]he established rule in the federal courts ... that a final judgment retains all of its res judicata consequences pending decision of the appeal..[.]' *Warwick Corp. v. Maryland Dep't of Transp.*, 573 F.Supp. 1011, 1014 (D.Md.1983) (quoting 18 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 4433, at 308 (1981)), aff'd without opinion, 735 F.2d 1359 (4th Cir.1984). This conclusion is buttressed by the uniformity of the rule in other circuits". In *SSIH Equipment S.A. v. United States International Trade Commission* we stated:

[T]he law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding. *Deposit Bank v. Board of Councilmen of City of Frankfort*, 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276 (1903). That rule is applicable to holdings of patent invalidity as well. *Alamance Industries, Inc. v. Gold Medal Hosiery Co.*, 194 F.Supp. 538, 540, 129 USPQ 219, 220 (S.D.N.Y.1961).

*SSIH Equipment S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370, 218 USPQ 678, 683 (Fed.Cir. 1983) (additional citations omitted); see also Wright et al., § 4433, at 308 (1981 & Supp.1998) (citing case law from the Supreme Court and from the Second, Fifth, Sixth, Seventh, Ninth, Eleventh, District of Columbia and Federal circuits for the proposition

that a final judgment retains its preclusive effect despite the pendency of an appeal). Thus, the court below properly applied collateral estoppel despite the then possibility of an appeal in MOVA. See *Williams v. Commissioner*, 1 F.3d 502, 504 (7th Cir. 1993) ("[A] judgment final in the trial court may have collateral estoppel effect even though the loser has not exhausted his appellate remedies.").

*Pharmacia*, 170 F.3d at 1381.

Based on the foregoing, this Court is satisfied that the fact that the Final Judgment of the District Court entered on the Summary Judgment and Permanent Injunction Orders are on appeal have no effect on the finality or binding effect of the District Court's holding and a final judgment retains all of its collateral estoppel consequences notwithstanding the pendency of an appeal.

The fact that the District Court Judgment is on appeal is no bar to the application of the Doctrine of Collateral Estoppel when considering the Motion for Summary Judgment under consideration.

### PRINCIPLES GOVERNING SUMMARY DISPOSITION OF LEGAL CONTROVERSIES

It is well established that summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. F.R.Civ. P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 40 F.3d 146, 150 (7th Cir.1994). One of the principal purposes of the summary judgment rule is to isolate and eliminate factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). It eliminates the necessity to expend time and judicial labor to try facts which are

undisputed after all material facts have been explored by the parties through the discovery process. If the pleadings, affidavits, deposition answers to interrogatories, and requests for admissions do not show that there is, or, are genuine issues of material fact, movant is entitled to a summary judgment provided it is entitled to a judgment as a matter of law. *Id.; Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254–256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Disputed facts are material when they might affect the outcome of the litigation. *First Indiana Bank v. Baker,* 957 F.2d 506, 507–508 (7th Cir.1992). In considering a motion for summary judgment the court may also rely on inferences which might be drawn from the facts most favorable to the party opposing the motion. *Anderson,* 477 U.S. 242, 254–256, 106 S.Ct. 2505 (1986); *Popovits v. Circuit City Stores, Inc.,* 185 F.3d 726, 731 (7th Cir. 1999).

## *UNDISPUTED FACTS ESTABLISHED IN THE ILLINOIS LITIGATION*

■ The FTC is an Agency of the United States created with the enactment of 15 U.S.C. § 41–58 by Congress. Under the Statute, the FTC is charged with the enforcement of Section (5) of the Federal trade Commission Act (15 U.S.C. § 45(a)) (the "Act"), which prohibits unfair or deceptive acts or practices in or affecting interstate commerce. The FTC also enforces the Telemarketing Sales Rule 16 C.F.R. Part 310 (the Rule), which prohibits deceptive or abusive telemarketing acts or practices. The Act authorizes the FTC to initiate suits in the Federal District Courts by its own attorneys seeking injunctions to stop violations of the Act and the Rule and to obtain such equitable relief as may be appropriate in each case, including restitution for the injured consumers pursuant to 15 U.S.C. §§ 53(b), 57(b), 6102(c), and 6105(b).

The Debtor is the sole stockholder and Chief Executive Officer (CEO) of Bay Area Business Council, Inc., Bay Area Business Council Customer Service Corp., American Leisure Card Corp., Bay Memberships, Inc., Sr. Marketing Consultants, Inc., Bay Vacations, Inc., and Special Technologies, Inc., (Defendant Corporations) which were all incorporated in the state of Florida.

Bay Area Business Corp. and American Leisure Card Corp. made sales, through telemarketers, to consumers all over the United States. The Defendants were "sellers" or "telemarketers" engaged in "telemarketing" within the meaning of those terms defined in the Telemarketing Sales Rule 15 C.F.R. §§ 510.2,(c) and (u).

Bay Area Business Council, Inc., promised to sell "MasterCard" credit cards to at least 100,000 consumers during June or August 2001 through about July 2002. Bay Area Business Council, Inc., and American Leisure Card Corp. entered into a contract with Assail, Inc., a corporation headquartered in St. Gorge, Utah. Under those contracts, Assail performed and hired others to perform telemarketing for Bay Area Council, Inc., and American Leisure Card Corp. told consumers or led them to believe that they would receive credit cards with substantial credit limits for an advance fee.

The District Court concluded, as a matter of law, that the Defendant Corporations sold the credit cards and failed to deliver them. The District Court found, as a matter of law, that corporations that operate in a common enterprise can be held liable for the deceptive acts and practices of the corporations in that common enterprise. The Court also concluded, as a

874

matter of law, that the Debtor knew about and had authority to control the corporations' deceptive practices.

Based on the foregoing undisputed facts, the FTC contends that it is entitled to summary judgment as a matter of law. This Court is satisfied that the District Court Order satisfies all the elements required to make the Debtor's liability nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code. Since collateral estoppel prevents the Debtor from litigating the case again and there are no issues of material fact as to the nondischargeability of the debt, the Plaintiff's Motion for Summary Judgment should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that a separate final judgment shall be entered in accordance with the foregoing.

### FINAL JUDGMENT

THIS CAUSE came on for consideration upon the Court's own Motion for the purpose of entering a Final Judgment in the above-captioned adversary proceeding. The Court has considered the record and finds that this Court has entered its Order on Motion for Summary Judgment. Therefore, it appears appropriate to enter this Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, entered in favor of the Plaintiff Federal Trade Commission and against the Defendant Peter J. Porcelli, II, and the monetary judgment in the amount of $12,563,962.34 entered by the District Court in the Enforcement Action against Porcelli on April 8, 2004, and April 15, 2004, be, and the same is hereby, declared nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.